IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LISA M. HARDING,

                                                                  OPINION and ORDER

                Petitioner,

                                                                  08-cv-168-bbc

     v.

DONNA ZICKEFOOSE,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Lisa M. Harding, a federal prisoner, contends that respondent Donna Zickefoose is keeping petitioner in custody in violation of federal law by refusing to grant her a one year reduction in sentence for her participation in a residential drug program.

       Because petitioner argues that she is entitled to early release, she is challenging the duration of her confinement, making a habeas corpus petition the proper vehicle for raising her challenge. Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004). In addition, because she is challenging the execution of her sentence rather than the imposition of her sentence, § 2241 is the proper statute under which to proceed. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) ( Section 2241 "usually reserved for attacking the execution, not [the] imposition, of a sentence"). Finally, she has paid the $5 filing fee.

Nevertheless, I must deny the petition on its merits. Although the Bureau may reduce a prisoner's sentence for participation in a residential drug treatment program under 18 U.S.C. § 3621(e), that reduction is available only for prisoners convicted of "nonviolent offenses." The Bureau did not abuse its discretion in determining that bank robbery is a "crime of violence" that bars reduction of sentence under the statute.

The petition filed in this case is barebones. Indeed, petitioner does not include any factual allegations in the petition except for information related to the procedural posture of the case. However, she refers to a "Motion to Amend Sentence Nunc Pro Tunc" that she filed in her criminal case, <u>United States v. Lisa Marie Harding</u>, Case No. 06-cr-141-jcs-02. In that case, Judge Shabaz explained to petitioner that to pursue the remedies she requested, she would have to file a petition for writ of habeas corpus under § 2241, as she has. It is clear that petitioner intends her petition to include the factual allegations made in the motion to amend the sentence nunc pro tunc she filed in her criminal case; therefore, from the petition and the "Motion to Amend Sentence Nunc Pro Tunc," I draw the following facts.

## FACTS

Petitioner Lisa M. Harding is a prisoner at the Federal Correctional Institution in Danbury, Connecticut. In 2006, petitioner was convicted of bank robbery in violation of 18 U.S.C. § 2113(a).

In December 2007, petitioner was accepted into the Residential Drug Abuse Program; however, petitioner has been told she will not be given a reduction of her sentence for participating in the drug program "per Bureau of Prisons policy" because her conviction was for a crime of violence.

DISCUSSION

Plaintiff brings this action under 28 U.S.C. § 2241, which allows a court to grant a writ of habeas corpus for a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, § 2241(a) provides that "[t]he order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is held." Petitioner is in custody in Connecticut; therefore, it would appear that § 2241(a) requires petitioner to file her petition in the district court in her district in Connecticut to obtain the relief she requests. However, § 2241(a) is not a rule of subject matter jurisdiction, but rather a special venue provision. Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004). Because both personal jurisdiction and improper venue can be waived, id., petitioner's failure to file her petition in Connecticut is not fatal to her petition unless respondent objects.

Under 18 U.S.C. § 3621(e), the Federal Bureau of Prisons has discretion to reduce the time served of prisoners convicted of "nonviolent offenses" who complete a drug treatment program. The Bureau of Prisons' program statement 5162.04 classifies the crime

of bank robbery under 18 U.S.C. 2113(a) as a crime of violence "since the offense involves an explicit threat or implicit threat of force and thus has as an element the threatened use of physical force against the person or property of another." Under program statement 5331.02, prisoners are not eligible for early release if they are serving a conviction for crimes categorized as "crimes of violence" in program statement 5162.04.

As the Supreme Court pointed out in Lopez v. Davis, 531 U.S. 230 (2001), the Bureau has considerable discretion in deciding which prisoners should receive early release. The statute says that the Bureau "may" grant a sentence reduction to those who complete a drug treatment program; it does not require early release under any and all circumstances. Thus, any categorical exclusion is permissible under § 3621(e) so long as it is "reasonable in light of the legislature's revealed design." Id. at 242 (internal citations and quotations omitted). I cannot say that categorical exclusion of prisoners serving crimes of bank robbery is unreasonable in light of the plain language of the statute limiting the availability of a reduction to prisoners convicted of "nonviolent offenses." Royal v. Tombone, 141 F.3d 596, 600-601 (5th Cir. 1998) (Bureau's classification of bank robbery as crime of violence is permissible interpretation of statute). Because petitioner cannot show that she is in custody in violation of federal law, her petition for writ of habeas corpus must be denied.

ORDER

IT IS ORDERED that petitioner Lisa Marie Harding's petition for a writ of habeas

corpus is DENIED and this case is DISMISSED for petitioner's failure to show that she is in custody in violation of the Constitution or federal law.

Entered this 5th day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge